JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Derrick Pennington

## DEFENDANTS
Philadelphia Police Officers Lewis and Sanders

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Williams Cuker Berezofsky
1515 Market Street, Suite 1300
Philadelphia, PA 19102
215-557-0099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/27/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK PENNINGTON** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | HONORABLE |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| **OFFICER LEWIS, Badge No. 1772,** | : | |
| **OFFICER SANDERS, Badge No.** | : | |
| **Unknown,** | : | No. |
| c/o City of Philadelphia | : | |
| Law Department | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT (CIVIL ACTION)

### I. NATURE OF ACTION

1. Plaintiff brings this action for compensatory damages and other relief, pursuant to 42 U.S.C. § 1983. He alleges that defendant's violation of his rights, guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, caused him severe harm and injuries.

### II. PARTIES

2. Plaintiff Derrick Pennington is a citizen of the United States, currently residing in Philadelphia, Pennsylvania. At all material times hereto, he was within the Eastern District of Pennsylvania

3. Defendant Officer Lewis was at all times material hereto a Police Officer for the Philadelphia Police Department and within the Eastern District of Pennsylvania.

4. Defendant Officer Sanders was at all times material hereto a Police Officer for the Philadelphia Police Department and within the Eastern District of Pennsylvania.

### III.     JURISDICTION

5. Defendants are "persons" as the term is used in 42 U.S.C. § 1983. At all times material hereto, defendants acted pursuant to, or under color of, state law.

6. This action to vindicate plaintiff's rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution is brought under 42 U.S.C. § 1983. This Court has jurisdiction over this civil rights action under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

### IV.     VENUE

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) in that the defendants are subject to personal jurisdiction within the Eastern District of Pennsylvania and the events that give rise to this action occurred within the Eastern District of Pennsylvania.

### V.     ALLEGATIONS OF MATERIAL FACT

8. On or about November 15, 2014, Pennington was in his car talking with an acquaintance near the 5600 block of Thompson Street in Philadelphia, Pennsylvania.

9. Pennington had recently resolved a dispute he had with his uncle, which someone had reported to the Philadelphia Police Department.

10. Defendant Lewis sped to where Pennington was, drew his weapon, pulled Pennington from his car, and frisked him, without probable cause or reasonable suspicion to do so.

11. While frisking Pennington, Lewis refused Pennington's request to justify his intrusion on Pennington's constitutional rights.

12. Lewis ordered Pennington to sit and remain in his car.

13. Lewis asked Pennington if he knew anything about a fight, because one had been reported.

14. Pennington truthfully denied a fight had taken place.

15. Pennington's uncle approached and also informed Lewis there had been no fight.

16. Lewis demanded Pennington produce his identification, of which Pennington was not in possession.

17. Pennington orally and truthfully provided his name and birth date to Lewis.

18. Lewis demanded Pennington provide his social security number, which Pennington had not memorized and did not know, and therefore could not provide.

19. At or around this time, defendant Officer Sanders arrived in the area of the 5600 block of Thompson Street.

20. Lewis again demanded Pennington provide his social security number.

21. Because Pennington was still not able to do so, Lewis placed him in Sanders's vehicle.

22. While he sat in Sanders's vehicle, Pennington observed Lewis searching Pennington's vehicle, gaining access to the vehicle with the keys he had taken from Pennington.

23. Lewis returned to his vehicle, then called out to Sanders, falsely, that Pennington was a child rapist.
24. Sanders and Lewis then gave Pennington conflicting commands to put his hands on top of his head – so that he could be searched – and to put his hands behind his back – so that he could be handcuffed.
25. As a consequence, Lewis, who was attempting to handcuff Pennington, put Pennington in a chokehold.
26. As a result, Pennington experienced physical and emotional pain and suffering, and temporarily could not breathe and was on the verge of losing consciousness.
27. Lewis then picked Pennington up, still in a chokehold, slammed him into the ground, and then hurled him backwards onto the front of another vehicle, causing Pennington to experience further physical and emotional pain and suffering.
28. Pennington fell to the ground, unable to breathe, where he was handcuffed.
29. Lewis picked Pennington up and bent over the hood of the car so his pockets could be emptied.
30. Lewis then began to strike and beat Pennington, causing severe physical and emotional pain and suffering.
31. Lewis later falsely justified his use of force, claiming to utilize just three de minimis closed-fist compliance blows necessitated due to attempted flight and resistance.
32. Defendants took Pennington's cell phone and wristwatch, and did not provide a property receipt for either.
33. Upon information and belief, defendants retained Pennington's cell phone and wristwatch for their own personal gain.

34. Defendants drove Pennington to the 19th District headquarters.

35. Pennington asked to go to the hospital, which was not done for over an hour while he was alternately mocked and ignored by defendants and other officers.

36. At the hospital, Pennington was diagnosed with severe injuries, including but not limited to a broken jaw.

37. While in jail, Pennington was limited to a liquid diet.

38. To cover up their unconstitutional conduct, to corroborate their fabricated justification for the use of force, and for unrelated to the interests of justice, defendants charged Pennington with felony escape and misdemeanor reckless endangerment, resisting arrest, and false identification to a law enforcement officer.

39. Each of the foregoing charges was based on the untruthful, fabricated statements of defendants.

40. Those charges where eventually withdrawn, after defendants did not show up to court.

41. Pennington tried to file a report with the Philadelphia Police Department's Internal Affairs Division but was threatened with facing the dismissed charges refiled against him.

42. While awaiting adjudication of those charges, Pennington experienced emotional distress, including emotional distress associated with the possibility of a term of imprisonment for the third-degree felony with which he was charged.

43. Defendants' conduct violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under Pennsylvania law.

44. As a result of the actions and/or omissions of defendants, plaintiff suffered significant damages and harms including:

   a. A broken jaw, abrasions, and bruises, all with attendant and ongoing pain and suffering;

   b. difficulty with eating

   c. emotional distress;

   d. deprivation of property;

   e. interference with daily activities;

   f. wage loss and loss of earning capacity;

   g. some or all of which are ongoing/permanent.

45. Plaintiff's damages and harms were caused by the culpable conduct of defendants, as alleged in the foregoing paragraphs and hereinbelow.

46. The conduct of defendants was carried out in wanton and outrageous disregard for the Constitution and plaintiff's rights thereunder, and was motivated solely by self-interest, completely unrelated to the administration of justice or any legitimate purpose, thereby warranting an award of exemplary damages against them.

## VI.     CAUSES OF ACTION

### COUNT ONE
### 42 U.S.C. § 1983
### Plaintiff v. All Defendants

47. Plaintiff incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

48. As alleged more fully hereinabove, Pennington was subjected to excessive force, for no legitimate purpose, and which force was objectively unreasonable, by defendants.

49. In the alternative, to the extent that either defendant Lewis or Sanders did not make physical contact with Pennington's person, they each had reasonable opportunity to intervene and prevent further violation of Pennington's constitutional rights and, despite knowing that Pennington was and would be subjected to excessive force, failed to do so.

50. Defendants' conduct violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive force, unreasonable search and seizure, and deprivation of liberty without due process.

51. As a direct and proximate result of the violation of his constitutional rights, plaintiff suffered serious mental and physical harm.

### COUNT II
### 42 U.S.C. § 1983 (Conspiracy)
### Plaintiff v. All Defendants

52. Plaintiff incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

53. Defendants, acting within the scope of their employment as police officers and under color of state law, agreed between themselves and/or other individuals to act in concert to deprive plaintiff of clearly established Constitutional rights, as alleged hereinabove, and to obscure or otherwise prevent discovery of their culpable conduct.

54. In furtherance of the conspiracy, defendants engaged in and/or facilitated multiple overt acts, including but not limited to:

    a. fabricating an excuse to justify the use of force against Pennington where none existed;

    b. omitting additional incidents of their utilization of force against Pennington from their written narratives;

    c. providing false corroboration of each other's false statements and accounts;

    d. stealing and retaining property belonging to Pennington for their own gain and agreeing to omit reporting their seizure of Pennington's property.

55. As a result of defendants' conspiracy and acts in furtherance of it, plaintiff suffered the harms and damages alleged hereinabove.

### COUNT III
### Malicious Prosecution (Pennsylvania Law)
### Plaintiff v. All Defendants

56. Plaintiff incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

57. Plaintiff suffered the harms and damages alleged hereinabove as a direct and proximate result of defendants' violation of his right under Pennsylvania law to be free from malicious prosecution.

### VII.    JURY DEMAND

58. Plaintiff demands a jury determination of all issues so triable.

### VIII.    PRAYER FOR RELIEF

Wherefore, plaintiff asks the Court to enter judgment in his favor and against defendants, jointly, severally, and individually, and asks for the following relief:

    a) general and compensatory damages;

8

b) exemplary damages;

c) attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d) such interest as is allowed by law; and

e) other such relief as the Court deems just and equitable.

Respectfully submitted,

WILLIAMS CUKER BEREZOFSKY, LLC

Christopher Markos, Esquire
Pa. ID No. 308997
1515 Market Street, Suite 1300
Philadelphia, PA 19102-19129
Phone: 215.557.0099
Fax:    215.557.0673
Email: cmarkos@wcblegal.com
Attorney for Plaintiff

Dated: September 27, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Pennington | : | CIVIL ACTION |
| v. | : | |
| P/O Lewis & Sanders | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( x )

| | | |
|---|---|---|
| 09/27/16 | **Christopher Markos** | *[signature]* |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-557-0099 | 215-557-0673 | cmarkos@wcblegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1231 Fraizer St, Philadelphia, PA 19131

Address of Defendant: 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Christopher Markos, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 09/27/16   _____ Attorney-at-Law   308997 Attorney I.D.#

**NOTE**: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/27/16   _____ Attorney-at-Law   308997 Attorney I.D.#

CIV. 609 (5/2012)